**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GLADYS SHELVY,** | ) | |
| | ) | **No. 11 CV 9176** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge Young B. Kim** |
| | ) | |
| **WAL-MART STORES, INC., a foreign** | ) | |
| **corporation,** | ) | |
| | ) | **January 23, 2013** |
| **Defendant.** | ) | |

**MEMORANDUM OPINION and ORDER**

Gladys Shelvy, a commercial truck driver, claims that she was injured when a stack of boxes fell on top of her as she was unloading a truck full of merchandise at a distribution center owned by Wal-Mart Stores, Inc. ("Wal-Mart"). She further claims that shortly after the accident Wal-Mart destroyed video footage depicting the events leading up to the accident and the accident itself. Shelvy brought a two-count complaint against Wal-Mart under Illinois law, claiming negligence arising from Wal-Mart's alleged failure to exercise ordinary care in loading the trailer and negligent spoliation of evidence arising from the loss of the video footage. Currently before the court is Wal-Mart's motion to dismiss the negligent spoliation claim. For the following reasons, the motion is granted without prejudice to Shelvy filing a second amended complaint with allegations sufficient to raise her claimed right to relief with respect to her negligent spoliation claim above a speculative level:

**Procedural History**

Shelvy originally sued Wal-Mart in Illinois state court, but on December 27, 2011, Wal-Mart removed the case to this court on the basis of diversity jurisdiction. (R. 1.) On March 8, 2012, the parties consented to the magistrate judge's jurisdiction. *See* 28 U.S.C. § 636(c). After the parties began discovery, Wal-Mart was granted leave to file a third-party claim for contribution against Shelvy's employer, U.S. Xpress Enterprises, Inc. (R. 57.) This court also granted Shelvy leave to file an amended complaint. (Id.) On October 26, 2012, Wal-Mart filed the current motion to dismiss count two of Shelvy's first amended complaint, arguing that her allegations are insufficient to show that it had any duty to preserve the video underlying her negligent spoliation claim. (R. 66.)

**Facts**

On November 11, 2009, a trailer was loaded with merchandise at a Wal-Mart distribution center in Elmwood, Illinois. (R. 58, First Am. Compl. ¶ 4.) The trailer was sealed and delivered to U.S. Express Trucking in Markham, Illinois, where Shelvy was employed as a truck driver. (Id. ¶¶ 5-7.) On November 21, 2009, the sealed trailer was hitched to Shelvy's tractor trailer and she drove the trailer to a Wal-Mart store in Cedar Rapids, Iowa. (Id. ¶ 8.) When she arrived, a Wal-Mart manager broke the trailer's seal, and Shelvy opened its right door. (Id. ¶¶ 9-10.) As she did, an avalanche of boxes fell out of the trailer, striking and injuring her. (Id. ¶¶ 11, 17.)

On the day of the accident, Wal-Mart videotaped its premises, including the loading area where the incident occurred. (Id. ¶¶ 19-20.) The video footage showed the events

leading up to Shelvy's accident and the accident itself. (Id. ¶ 22.) Wal-Mart maintained the video footage on a hard drive, but on some date shortly after the accident, it erased the footage. (Id. ¶¶ 21-22.) It did so without telling Shelvy. (Id. ¶ 23.) The complaint states that "at all relevant times, defendant knew or reasonably should have known that the videotaped footage of November 21, 2009, involving Plaintiff's injuries and accident was material to a potential civil lawsuit." (Id. ¶ 24.) It further states that "at all relevant times, defendant had a duty to use reasonable care to preserve and protect videotaped footage of the occurrence for future viewing and use by the parties in this lawsuit," but breached that duty. (Id. ¶¶ 25-26.) According to the complaint, "but for defendant's deletion or erasure of the monitoring videotape, the plaintiff had a reasonable probability of succeeding at trial in her underlying lawsuit against the defendant as the videotape would provide material evidence of the occurrence." (Id. ¶ 29.) For the purpose of resolving the current motion, this court accepts as true these factual allegations in Shelvy's amended complaint. *See McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).

**Analysis**

In moving to dismiss Shelvy's negligent spoliation claim, Wal-Mart argues that she has not alleged sufficient facts to show that it had any duty under Illinois law to preserve the video footage. Specifically, it argues that she has not alleged that the parties have any relationship that would give rise to a duty to preserve evidence or that the lost footage is material to the litigation. Although Shelvy's claims arise under Illinois law, this court applies federal pleading standards in determining whether her complaint states a claim

sufficient to survive a motion to dismiss. *See Christensen v. County of Boone, Ill.*, 483 F.3d 454, 465-66 (7th Cir. 2007).

Under Federal Rule of Civil Procedure 12(b)(6), a complaint will be dismissed if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although federal notice pleading standards require only that a pleading include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the Supreme Court has made clear that surviving a motion to dismiss "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. Detailed factual allegations are not necessary to meet those requirements, but "a formulaic recitation of the elements of a cause of action will not do," and the allegations "must be enough to raise a right to relief above the speculative level." *Id.* A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Although Illinois does not recognize an independent tort of negligent spoliation of evidence, such claims can be pursued under standard negligence law. *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 194 (1995); *see also Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 510 (7th Cir. 2007). To state a negligence claim, "a plaintiff must plead the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, an injury proximately caused by the breach, and damages." *Boyd*, 166 Ill.2d at 194-95. The general rule in Illinois

is that "there is no duty to preserve evidence," *id.* at 195, but that a duty can arise out of a relationship forged "through an agreement, a contract, a statute, or another special circumstance or the defendant's affirmative conduct," *Miller v. Gupta*, 174 Ill.2d 120, 129 (1996). In addition to showing that relationship, to prevail on a negligent spoliation claim the plaintiff must meet a foreseeability element by showing that "'a reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action.'" *Martin v. Kelly & Sons, Inc.*, 2012 IL 113270, ¶ 27 (2012) (quoting *Boyd*, 166 Ill.2d at 195). If the plaintiff does not satisfy both the relationship and foreseeability elements, "there is no duty to preserve the evidence at issue." *Dardeen v. Kuehling*, 213 Ill.2d 329, 336 (2004).

Illinois courts have not provided a precise definition for what "special circumstances" must be present to support a claim that a defendant had a duty to preserve evidence. *Martin*, 979 N.E.2d at 30. But several cases from federal courts applying Illinois law provide insight into what sorts of allegations are necessary to support the duty element of a negligent spoliation claim. There seems to be a consensus that the mere fact that a defendant is in control of or possesses evidence is not enough to establish the requisite duty, *see Olivarius v. Tharaldson Property Mgmt., Inc.*, 695 F.Supp.2d 824, 829-30 (N.D. Ill. 2010); *Gregorio v. Yellow Transp., Inc.*, No. 08 CV 6257, 2009 WL 3681698, at *2 (N.D. Ill. Nov. 2, 2009); *Denton v. N.E. Ill. Reg'l Commuter R.R. Corp.*, No. 02 CV 2220, 2004 WL 1005790, at *3 (N.D. Ill. Apr. 26, 2004), nor is the assertion that a defendant's unspecified action resulted in the spoliation of relevant evidence, *see Wallis v. Card Servs., Int'l, Inc.*, No. 10 CV 7250,

2012 WL 1866374, at \*9 (N.D. Ill. May 22, 2012). Even in situations where those elements exist and the defendant had been alerted about the accident a duty may not exist. *See Olivarius*, 695 F.Supp.2d at 830. There must be some additional factor present to sufficiently allege a duty to preserve evidence. *See id.*; *Gregorio*, 2009 WL 3681698, at \*2-\*3. For example, a duty may arise where a defendant segregates evidence into a separate litigation file, knowing that litigation is pending. *See Jackson v. Michael Reese Hosp. & Med. Ctr.*, 294 Ill.App.3d 1, 11-12 (1st Dist. 1997). Similarly, although requesting an adverse party to preserve evidence "is not always sufficient to create a duty to do so . . . a duty may arise when a plaintiff sends a very specific and limited demand placing defendant on notice not to 'alter, repair, destroy, or modify' allegedly injurious equipment before the plaintiff's counsel can inspect it." *Olivarius*, 695 F.Supp.2d at 830. That is especially true where the plaintiff alleges that the defendant agreed to preserve the evidence. *See Gregorio*, 2009 WL 3681698, at \*3.

Several federal cases have addressed specifically the circumstances under which a negligent spoliation claim survives a motion to dismiss under Rule 12(b)(6) where the claim arises from the destruction of surveillance footage similar to that which Wal-Mart allegedly destroyed here. For example, in *Gregorio*, a plaintiff in a negligence suit alleged vaguely that the defendant had breached its duty to preserve evidence simply by allowing a surveillance video to be erased. 2009 WL 3681698, at \*1. The court found those allegations insufficient because they did not suggest that the plaintiff had asked the defendant to preserve the video or that the defendant had agreed to do so. *See id.* at \*2-\*3. The plaintiff in *Welch*

*v. Wal-Mart Stores, Inc.*, No. 04 CV 50023, 2004 WL 1510021, at *3 (N.D. Ill. July 1, 2004),

alleged in circumstances similar to those presented here that Wal-Mart employees had

repeatedly watched surveillance video footage of her accident to determine whether it would

help Wal-Mart's defense in a future negligence action. The court dismissed the negligent

spoliation claim, holding that "the mere existence of surveillance videotape does not place

upon Wal-Mart a duty to preserve all taped footage for possible future litigation." *Id.* at *4.

The court reasoned that "[s]uch a duty is unreasonable and impracticable and would require

Wal-Mart to preserve hundreds of videotapes for years." *Id.* The court in *Stoner v. Wal-*

*Mart Stores, Inc.*, No. 06-4053, 2008 WL 3876077, at *2-*4 (C.D. Ill. Aug. 18, 2008),

reached the opposite result where the plaintiff alleged that Wal-Mart employees knew about

the surveillance tape depicting the plaintiff's accident, took steps to preserve the relevant

footage, and deleted all of the relevant footage except that which showed what happened to

the plaintiff after her fall. What seemed to nudge the *Stoner* court over the edge to finding

the claim sufficient is the allegation that the Wal-Mart employees segregated and preserved

some of the relevant footage, but destroyed the footage that had the most potential to help

the plaintiff. *See id.* at *3.

Here, Shelvy has alleged in only the broadest strokes that Wal-Mart had a duty to

preserve the deleted video footage. She alleges that Wal-Mart possessed a copy of the

footage and maintained it on a hard drive until sometime after her accident, when the footage

was deleted. (R. 58, First Am. Compl. ¶¶ 21-22.) She also alleges that Wal-Mart did not

notify her before destroying the video and that it "should have known" that the footage "was

material to a potential civil lawsuit." (Id. ¶¶ 23-24.)   There is no allegation that she asked Wal-Mart to preserve the footage or that it agreed to do so. *See Olivarius*, 695 F.Supp.2d at 830; *Gregorio*, 2009 WL 3681698, at *3.   There is no allegation that Wal-Mart segregated the footage, knowing that a lawsuit was pending or imminent.  *See Jackson*, 294 Ill.App.3d at 11-12.   There is also no allegation that Wal-Mart selectively deleted the footage to gain advantage in pending litigation.  *See Stoner*, 2008 WL 3876077, at *2-*3.  In short, Shelvy has not made any allegations that would give rise to a duty to preserve evidence other than Wal-Mart's possession and control of the evidence, factors that are insufficient, standing alone, to ward off a motion to dismiss.  *See Olivarius*, 695 F.Supp.2d at 829-30.  The only other allegations Shelvy makes simply restate the legal standard that Wal-Mart "had a duty to use reasonable care to preserve and protect the videotaped footage" and that it "carelessly failed" to meet that duty, thus impairing her "ability to pursue her negligence claim."  (R. 58, First Am. Compl. ¶¶ 25-27.)  But these are the kinds of "[t]hreadbare recitals of the elements of a cause of action" and conclusory statements that fail to meet federal pleading requirements.  *Iqbal*, 556 U.S. at 678.

In defending against Wal-Mart's motion to dismiss, Shelvy has submitted evidence in the form of her own affidavit along with what she says is a witness statement that she filled out and submitted to Wal-Mart on the day of her accident.  (R. 72, Resp. Ex. A.)  But because those documents are referenced nowhere in her complaint, it would be inappropriate for this court to consider them at the dismissal stage.  *See Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994).   Further, because the documents are outside the

pleadings and first referenced in the briefing in response to Wal-Mart's motion to dismiss, this court could not consider them without first converting the current motion to one for summary judgment. *See R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003). Rather than take that leap, this court concludes that the proper next step is to give Shelvy another opportunity to adequately plead her claim. *See Wallis*, 2012 WL 1866374, at *9 (allowing plaintiff opportunity to amend spoliation claim to clearly state facts supporting claim that defendant had duty to preserve evidence). If Shelvy is able to present allegations that give rise to a facially plausible claim for relief under a negligent spoliation theory, bearing in mind the legal landscape set forth above, she will be permitted to bring those allegations in a second amended complaint.

It bears noting that this court finds unpersuasive Wal-Mart's argument that Shelvy's negligent spoliation claim fails because, according to it, the video tape is not material. Wal-Mart defends its characterization of the evidence as immaterial by asserting that "the missing videotape, under the best circumstances, would be cumulative and would show what [Shelvy] alleges." But if this case goes to trial and ends up requiring a jury to decide whether Shelvy accurately describes the accident, video footage either confirming or contradicting her account will undeniably be material to the jury's decision.

9

**Conclusion**

For the foregoing reasons, Wal-Mart's motion to dismiss the first amended complaint is granted without prejudice. Shelvy is granted leave to file a second amended complaint, by February 6, 2013, if she can allege facts sufficient "to raise a right to relief above the speculative level" with respect to her negligent spoliation of evidence claim. *See Twombly*, 550 U.S. at 555.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**