| | |
|---|---|
| GLADYS SHELVY, | ) |
| | ) No. 11 CV 9176 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Young B. Kim |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| U.S. EXPRESS, INC., | ) |
| | ) February 8, 2013 |
| Third-Party Defendant. | ) |

**MEMORANDUM OPINION and ORDER**

Gladys Shelvy, a truck driver employed by U.S. Xpress, Inc. ("USX"), alleges that she was injured when a stack of boxes fell on her as she was unloading a trailer full of merchandise at a distribution center owned by Wal-Mart Stores East, L.P. ("Wal-Mart"). After she sued Wal-Mart for negligence, Wal-Mart brought a third-party complaint for contribution against USX, alleging that it was negligent in, among other things, failing to properly train Shelvy. Currently before the court is USX's motion to dismiss the third-party complaint. For the following reasons, the motion is denied:

## Procedural History

Shelvy originally sued Wal-Mart in Illinois state court, but on December 27, 2011, Wal-Mart removed the case to this court on the basis of diversity jurisdiction. (R. 1.) On March 8, 2012, the parties consented to the magistrate judge's jurisdiction. *See* 28 U.S.C. § 636(c). After the parties began discovery, Wal-Mart was granted leave to file a third-party claim for contribution against USX. (R. 57.) On October 16, 2012, Wal-Mart filed its third-party complaint against USX. (R. 61.) It also filed its affirmative defenses to Shelvy's first amended complaint, claiming that Shelvy was contributorily negligent in the manner in which she drove her truck and opened the trailer door. (R. 60.) On October 29, 2012, USX also consented to the magistrate judge's jurisdiction. (R. 68.) On December 26, 2012, USX filed the current motion to dismiss the third-party complaint, arguing that it fails to state a claim upon which relief can be granted and represents Wal-Mart's attempt to gain a windfall through an impermissible double reduction in its own potential liability. (R. 75.)

## Facts

For the purposes of the current motion to dismiss, this court accepts as true the allegations set forth in Wal-Mart's third-party complaint. *See McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). On November 11, 2009, Wal-Mart employees loaded a trailer with merchandise and sealed the trailer at a Wal-Mart distribution center in Elwood, Illinois. (R. 61, Third-Party Compl. ¶¶ 5-6.) A USX truck driver ("the first driver") drove the trailer to a USX lot located in Markham, Illinois, where it was attached to a power unit owned by USX and operated by Shelvy. (Id. ¶¶ 7-9.) Shelvy drove

the trailer to a Wal-Mart store in Cedar Rapids, Iowa, where—according to Shelvy—a Wal-Mart employee broke the trailer's seal. (Id. ¶¶ 10-11.) When Shelvy opened the trailer door, boxes of merchandise fell on her head and shoulders, injuring her. (Id. ¶ 11.)

Wal-Mart alleges that USX was negligent in a variety of ways that contributed to Shelvy's accident. It alleges that USX caused its drivers to drive at excessive speeds, to stop and accelerate too quickly, and to make unnecessary and sharp turns, even though it knew or should have known that those actions would cause the items in the trailer to shift, increasing the risk of falling freight. (Id. ¶ 24.) Wal-Mart further alleges that USX "[f]ailed to have its drivers comply with the rules and regulations promulgated by the Federal Motor Carrier Safety Administration." (Id.) Wal-Mart also makes several allegations that are specific to USX's training of Shelvy. For example, it alleges that USX failed to properly train Shelvy to safely open the trailer doors according to industry standards or to exercise due care in opening the doors. (Id. ¶ 25.) It also alleges that USX failed to "properly train or warn" Shelvy that loads can shift during transit, causing a risk of falling goods when the trailer doors are opened. (Id.) Based on these allegations, Wal-Mart seeks contribution from USX in an amount commensurate with its pro rata share of fault, pursuant to the Illinois Joint Tortfeasors Contribution Act ("the Contribution Act"), 740 ILCS 100/0.01, *et seq.* (Id. ¶¶ 27-28.)

**Analysis**

This court will dismiss a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011) (internal quotations and citation omitted). In moving to dismiss Wal-Mart's third-party complaint, USX argues that Wal-Mart's affirmative defense asserting that Shelvy's own negligence contributed to her accident covers the same conduct that forms the basis of its third-party claims against USX. USX argues that the third-party complaint amounts to Wal-Mart's attempt to gain a double off-set in its potential share of liability, which is impermissible under the Contribution Act. According to USX, if Wal-Mart's share of any eventual award is reduced based on Shelvy's contributory negligence, to allow Wal-Mart to recoup a contribution award from USX based on the same acts of negligence would amount to the kind of double recovery the Contribution Act is meant to prevent. For this reason, USX argues, Wal-Mart's third-party complaint fails to state a claim under Illinois contribution law, and should be dismissed.

The purpose of the Contribution Act "is to balance the equities between all culpable parties while ensuring that plaintiffs do not receive double recovery." *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co., Ltd.*, 522 F.3d 776, 783 (7th Cir. 2008). As USX correctly points out, the Contribution Act creates a right of contribution "only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share." 740 ILCS § 100/2(b). Thus for a third-party claimant to be entitled to relief from a plaintiff's employer under a

contribution theory at the same time it asserts that the employee was contributorily negligent, it must allege that the employer's negligence was separate and distinct from that of the plaintiff-employee. *See Bean v. Missouri Pac. R.R. Co.*, 171 Ill.App.3d 620, 625 (5th Dist. 1988). A third-party plaintiff may not base a counterclaim against a plaintiff's employer on a theory of vicarious liability. *Id.*; *see also Ragusa v. City of Streator*, 95 F.R.D. 527, 528-29 (N.D. Ill. 1982) (denying motion to file third-party complaint where claim "would reduce defendant's liability on comparative negligence grounds *to precisely the same extent* that the same negligence charges would entitle defendants to contribution" (emphasis in original)). In other words, to state a claim for relief under a contribution theory the third-party plaintiff must allege that the plaintiff's employer engaged in some act of negligence that is not wholly ascribable to the plaintiff-employee. *See Matei v. Cessna Aircraft Co.*, 88 CV 10536, 1992 WL 70323, at *4 (N.D. Ill. March 31, 1992).

Although USX is certainly correct that Wal-Mart is not entitled to a double reduction in its own potential liability for Shelvy's alleged acts of negligence, a close look at the third-party complaint, making reasonable inferences in favor of Wal-Mart, *see McReynolds*, 694 F.3d at 879, reveals that Wal-Mart's allegations arguably target conduct from USX that is independent of Shelvy's. For example, whereas Wal-Mart's affirmative defenses accuse Shelvy of failing to use due care in operating the truck and opening its doors, the third-party complaint alleges that USX failed to properly train Shelvy to safely open the trailer doors according to industry standards or to properly warn her that loads can shift during transit. Those allegations represent more than a theory of vicarious negligence; they describe distinct

5

omissions on USX's part that contributed to Shelvy's injuries. That boundary between vicarious liability and distinct acts of negligence is perhaps more blurry with respect to the allegations in the third-party complaint accusing USX of causing its drivers to drive at excessive speeds, to stop and accelerate too quickly, and to make unnecessary sharp turns. But as Wal-Mart points out in its response, these allegations refer to "drivers" in the plural, meaning that they incorporate the alleged negligence of the first driver. Any negligence on the part of the first driver that can be attributed to USX is completely independent of Shelvy's conduct as the second driver. Thus reading the third-party complaint in the light most favorable to Wal-Mart, there is no clear overlap between the contributory negligence cited in its affirmative defenses and the negligent acts of USX alleged in the third-party complaint. Accordingly, this is not a situation where the allegations represent a pure case of double-dipping that might warrant dismissal at this stage in the lawsuit. *See Heser v. Illinois State Toll Highway Auth.*, No. 89 CV 2344, 1992 WL 373035, at *2 (N.D. Ill. Dec. 9, 1992) (finding no risk of "prohibited double set-off" and declining to dismiss third-party complaint alleging separate and distinct acts of negligence on part of employer and employee).

The cases USX relies on in support of its double-reduction argument are insufficient to convince this court that dismissal is warranted here. In *J.L. Simmons, Inc. ex rel. Hartford Ins. Group v. Firestone Tire & Rubber Co.*, 108 Ill.2d 106, 118 (1985), the Illinois Supreme Court found improper a jury instruction that allowed a jury to reduce an original award in a tort case based on the plaintiff's contributory negligence and then allowed the reduced award

to be split between the defendant and the plaintiff's employer based upon the same acts of negligence that formed the basis of the contributory negligence reduction. But there, the challenged instruction informed the jury that any act or omission of the plaintiff was the act or omission of his employer, articulating a respondeat superior theory. *Id.* at 117. There was no allegation in that case of independent negligence on the part of the plaintiff's employer. *Id.* at 117-18. Similarly, in *Matei*, 1992 WL 70323, at *4, the court held that while a defendant airplane manufacturer could not pursue a contribution claim against the employer of a pilot killed in an airplane crash if the pilot were solely responsible for the accident, it could seek contribution against the employer for its distinct acts of negligence, such as the negligent maintenance of the aircraft. It is worth noting that the *Matei* court put allegations that the employer failed to properly train the pilot and failed to maintain the airplane in the same category of separate acts of negligence ascribable to the employer. *Id.* at *1. Significantly, these cases were decided past the pleading phase, after the third-party plaintiffs had the opportunity to develop their liability theories.

This court finds the circumstances here to be strikingly similar to those present in two cases from this district in which the district judges denied motions to dismiss third-party complaints. In *Heser*, 1992 WL 373035, at *1, a truck driver injured in an accident sued the Illinois State Toll Highway Authority ("ISTA"), alleging negligence in the design and performance of roadway construction. ISTA filed a third-party complaint against the truck driver's employer, alleging that it had negligently instructed the driver in the proper loading and operation of a trailer truck and negligently allowed its trucks to be unsafely loaded and

7

operated. *Id.* The employer moved to dismiss the third-party complaint, arguing that ISTA sought a prohibited "double set-off" of liability. *Id.* at *2. The district court distinguished the case from *Simmons*, noting that the liability ISTA alleged was not based on a theory of respondeat superior, but rather on the employer's "independent acts of negligence." *Id.* Because "it is widely accepted that a party may seek contribution from more than one party for any potential liability it may have," the district court allowed ISTA to pursue its contribution claim against the truck driver's employer. *Id.*

Similarly, in a minute order issued in *Evans v. Polaski*, No. 08 CV 7405 (N.D. Ill. Oct. 21, 2009), the district court partially denied a motion to dismiss a third-party complaint against a truck driver's employer. There, a truck driver who was injured when another truck struck his own sued the estate and the employer of the other truck's driver. The defendants asserted as an affirmative defense that the plaintiff had been contributorily negligent and filed a third-party complaint against the plaintiff's employer. Again, the court found the complaint would be barred if it alleged only vicarious liability on the part of the plaintiff's employer. But the court noted that the third-party complaint alleged that the plaintiff's employer "committed a number of arguably independent acts of negligence—including negligent training, supervision, management and control of [the plaintiff's] conduct; failure to establish safety regulations; and failure to warn [the plaintiff] about unsafe and improper vehicle operating practices." *Evans*, No. 08 CV 7405, Doc. #50. Even though the court acknowledged that those allegations relate "at least indirectly" to the plaintiff's alleged

8

contributory negligence, the court considered the allegations "sufficiently independent to preclude dismissal on motion." *Id.*

As was the case in *Heser* and *Evans*, this court finds that the allegations set forth in Wal-Mart's third-party complaint, when read in the light most favorable to Wal-Mart, describe actions on the part of USX that are sufficiently independent to preclude dismissal at this stage of the litigation. Although Wal-Mart's theories—that USX contributed to Shelvy's injury by failing to properly train her or by allowing the first driver to engage in negligent conduct—may not pan out, it is entitled to pursue those theories through the discovery stage. Accordingly, the motion to dismiss is denied.

## Conclusion

For the foregoing reasons, USX's motion to dismiss Wal-Mart's third-party complaint pursuant to Rule 12(b)(6) is denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**